**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-21028-GAYLES**

TAVARES BENDER,

      Plaintiff,

v.

CITY OF MIAMI POLICE
DEPARTMENT, *et al.*,

      Defendants.

_____/

## ORDER DISMISSING PETITION WITHOUT PREJUDICE

**THIS CAUSE** comes before the Court *sua sponte*. On March 13, 2026, the Court ordered *pro se* Plaintiff Tavares Bender to pay the Clerk's filing fee of $405 or, in the alternative, to file a motion for leave to proceed *in forma pauperis* ("IFP") with a supporting financial affidavit. *See* [ECF No. 3]. The Court gave Plaintiff until March 30, 2026 to take one of those actions. *See id.* That deadline has now passed, and Plaintiff has neither paid the filing fee nor filed a motion for leave to proceed IFP.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Under that authority, the court "may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Id.*; *see also McNair v. Johnson*, 143 F.4th 1301, 1306–08 (11th Cir. 2025) (affirming inherent-authority dismissal of *pro se* plaintiff's civil rights lawsuit based on failure to disclose his full litigation history); *cf.* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss

the action or any claim against it."). This principle applies with full force to *pro se* plaintiffs. *See McNair*, 143 F.4th at 1306–08; *cf. Moon v. Newsome*, 863 F.2d 835, 836 (11th Cir. 1989) (affirming dismissal of *pro se*, IFP plaintiff's "damage suit" for "failure to pay costs assessed as a penalty for unreasonable refusal to obey a discovery order").

The principle also clearly encompasses a litigant's failure to comply with a court order to pay the filing fee or file an IFP motion. *See Castro v. Dir., FDIC*, 449 F. App'x 786, 788 (11th Cir. 2011) (concluding the "district court did not abuse its discretion in dismissing" *pro se* prisoner's complaint without prejudice for failure "to pay a filing fee or file a request to proceed IFP under" local rules); *Livingston v. Jones*, No. 17-CIV-23262, 2018 WL 10229907, at *1 (S.D. Fla. Jan. 4, 2018), *R.&R. adopted*, No. 17-CV-23262, 2018 WL 10229911 (S.D. Fla. Jan. 30, 2018) (dismissing *pro se* prisoner's petition without prejudice for failure to pay the filing fee or submit an IFP motion despite being warned that failure to do so could result in dismissal); *cf. Richards v. United States*, 408 F.2d 802, 803 (5th Cir. 1969) (dismissing appeal "for lack of prosecution" after appellant "failed to pay the docketing fee" or "request leave to appeal in forma pauperis" even though the court informed him "of his right to do so" and notified him "of the consequences of his failure to act"). "Whether to dismiss a complaint for failure to comply with an order of the court is a matter committed to the district court's discretion." *See Equity Lifestyle*, 556 F.3d at 1240 n.14. "A district court need not tolerate defiance of reasonable orders." *Id.* at 1241.

The Court warned Plaintiff in its March 12 Order that "failure to timely complete and file the required documents or pay the filing fee will result in the dismissal of the Complaint without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court orders." [ECF No. 3 at 2]. That Order was reasonable, and Plaintiff failed to timely comply with it.

Accordingly, it is **ORDERED AND ADJUDGED**:

1.  This case is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute and failure to comply with the Court's March 12 Order. *See Equity Lifestyle*, 556 F.3d at 1241.

2.  The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of April, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:

**Tavares Bender**
230150878
Miami-Dade County-PDC
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125
*PRO SE*